IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DERRICK SMITH,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-067

WARDEN, FCI-Jesup,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Derrick Smith ("Smith"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Smith's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Smith was convicted in the Middle District of Florida, after pleading guilty, of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Smith was sentenced to 360 months' imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Smith, 263 F.3d 170 (11th Cir. 2001) (Table).

Smith filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed as untimely. The Eleventh Circuit denied him a

certificate of appealability. Smith filed an application for leave to file a successive § 2255 motion with the Eleventh Circuit, and that court denied his application. Nevertheless, Smith filed another section 2255 motion, which was dismissed as successive. Smith filed another motion, which was construed as a successive § 2255 motion and was dismissed.

The trial court *sua sponte* reduced Smith's sentence to 292 months' imprisonment based on the crack cocaine amendments to the United States Sentencing Guidelines. Smith has filed a motion for retroactive application of an amendment to the Sentencing Guidelines, which is still pending in the Middle District of Florida. (3:99-cr-00245, Doc. Nos. 349, 350) (M.D. Fla.).

In this petition, Smith asserts that he is actually innocent of the career offender provision of the Sentencing Guidelines. According to Smith, one of his predicate offenses was a simple possession conviction, which could not be used to enhance his sentence. Smith asserts that there have been changes in the law which apply retroactively in his favor.

Respondent alleges that Smith does not satisfy § 2255's savings clause, and thus, cannot proceed under section 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the

petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Smith has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Smith asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because the "law has changed and made retroactive in Petitioner's favor. The change of law lowers Petitioner['s] offense level[.]" (Doc. No. 1, p. 3). Smith contends that, in light of the change in law, the career offender provision would now trump his Guidelines range.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473,

3

475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the Eleventh Circuit majority determined that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

4

enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Smith was convicted of violating 21 U.S.C. § 846[2], and the statutory sentence he faced was a maximum of life imprisonment. 21 U.S.C. § 841(b) (West 1998). The total sentence imposed on Smith, 360 months' imprisonment which was later reduced to 292 months' imprisonment, does not exceed this statutory maximum. Thus, Gilbert does not provide Smith with his requested relief.

Even if Smith's claims are based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Smith currently has a pending motion for reduction of sentence, which is properly before the Middle District of Florida court. Smith has not shown that section 2255's remedy is inadequate or ineffective. In addition, Smith has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's

---

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Even though the substantive charges against Smith were dismissed, a conviction under § 846 would necessarily implicate the underlying offense, which in this case, were several counts of violating 21 U.S.C. § 841(a).

savings clause is satisfied). Because Smith has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Smith cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Smith is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25 day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)